# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NICHOLAS ZILLGES,**
        **Plaintiff,**

    v.                                    Case No. 13-C-1287

**KENNEY BANK & TRUST, et al.,**
        **Defendants.**

## DECISION AND ORDER

The Consumer Financial Protection Act forbids discrimination against an employee who refuses to participate in an activity that violates certain financial laws or who provides information to certain institutions regarding violations of such laws. See 12 U.S.C. § 5567(a). The Act provides that a person who believes that he or she has been subject to prohibited discrimination may, not later than 180 days after the date on which the discrimination occurred, file a complaint with the Secretary of Labor. 12 U.S.C. § 5567(c)(1)(A). The Act prescribes various procedures for the Secretary to follow once a complaint has been filed. The Act also provides for review in a United States District Court:

> If the Secretary of Labor has not issued a final order within 210 days after the date of filing of a complaint under this subsection, or within 90 days after the date of receipt of a written determination, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States having jurisdiction, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

12 U.S.C. § 5567(c)(4)(D).

In the present case, Nicholas Zillges brings a claim against Kenney Bank & Trust, his former employer, under the Consumer Financial Protection Act. (He brings additional claims against Kenney Bank and others, but those claims are not relevant here.) However, Zillges never filed a complaint with the Secretary of Labor as required by 12 U.S.C. § 5567(c)(1)(A), and it is now too late for him to do so. For this reason, Kenney Bank has moved to dismiss plaintiff's claim under the Act (which is Count II of the First Amended Complaint). Kenney Bank contends that the requirement to file a complaint with the Secretary is jurisdictional, and that therefore I lack subject matter jurisdiction over the claim. Alternatively, Kenney Bank contends that the plaintiff's failure to file a complaint with the Secretary requires dismissal under Federal Rule of Civil Procedure 12(b)(6).

Zillges contends that filing a complaint with the Secretary is not jurisdictional and that the failure to file such a complaint is an affirmative defense that can be waived or forfeited. He contends that Kenney Bank forfeited the defense by failing to raise it in its answer to the original complaint. See Fed. R. Civ. P. 8(c) (requiring affirmative statement of defenses in responsive pleading).

For purposes of the present motion, I need not decide whether filing a complaint with the Secretary is jurisdictional or is an affirmative defense. Even if, as the plaintiff contends, the failure to file such a complaint is an affirmative defense, Kenney Bank has not forfeited the defense. Kenney Bank pleaded failure to exhaust administrative remedies in its answer to the First Amended Complaint. Although Kenney Bank did not plead failure to exhaust administrative remedies in its answer to the original complaint (which, like the First Amended Complaint, included a claim under the Consumer Financial Protection Act), that is inconsequential. The Seventh Circuit has held that "[b]ecause a plaintiff's new

2

complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999).

Zillges contends that Kenney Bank's failure to raise lack of exhaustion in its original answer has caused him prejudice. Zillges points out that, at the time the original answer was filed, Zillges still had time to file a complaint with the Secretary and that that time expired before the defendant filed its answer to the First Amended Complaint. Thus, had Kenney Bank raised lack of exhaustion in its original complaint, Zillges might have cured the defect in his claim. However, this is not the kind of prejudice that Rule 8(c) is designed to prevent. The purpose of Rule 8(c) "is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." Venters v. City of Delphi, 123 F.3d 956, 967 (7th Cir. 1997). Kenney Bank's failure to raise its affirmative defense has not deprived the plaintiff of notice or the opportunity to demonstrate why the defense should not prevail. At most, it deprived the plaintiff of a reminder that his claim could be dismissed if he did not file a complaint with the Secretary within 180 days. But the requirement to file a complaint with the Secretary is stated in the Consumer Financial Protection Act itself; the plaintiff did not need notice from the defendant to learn that fact. It is not the purpose of Rule 8(c) to remind the plaintiff of any prerequisites to suit that he or she may have failed to fulfill.

Accordingly, Kenney Bank has not forfeited the defense of failure to exhaust administrative remedies. Moreover, it is clear that such defense bars plaintiff's claim under the Consumer Financial Protection Act, as the plaintiff concedes that he did not file a

complaint with the Secretary within 180 days. Therefore, Kenney Bank's motion to dismiss Count II of the First Amended Complaint will be granted.

For the reasons stated, **IT IS ORDERED** that Kenney Bank's motion to dismiss Count II of the First Amended Complaint is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 20th day of October 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge