IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS ZILLGES,                         Case No. 13-cv-1287-pp

        Plaintiff,

v.

KENNEY BANK & TRUST, iTEAM COMPANIES INC.,
iSTREAM FINANCIAL SERVICES INC.,
THOMAS W. TICE, JERRY GAGERMAN,
KRIS AXBERG, THOMAS ANDERSON,
and ROBERT ATWELL,

        Defendants.

**ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION (DKT. NO. 129)**

**I.   INTRODUCTION**

On September 29, 2015, the court denied in part and granted in part the defendants' motion for summary judgment. Dkt. No. 128 at 44 (citing Dkt. No. 70). The court denied the defendants' request for summary judgment as to Counts I, III, IV, IX, and X of the amended complaint. The court granted the defendants' motion for summary judgment as to Counts VI and VIII of the amended complaint. The court also dismissed defendant Kenneth Biel. Because Biel was the only defendant named in Count IX of the amended complaint, the court dismissed Count IX. Id.

In the same decision and order, the court denied the plaintiff's motion for summary judgment. Dkt. No. 128 at 44 (citing Dkt. No. 75). The court denied the plaintiff's motion for summary judgment as to Counts I and VI of the

1

amended complaint, and denied the plaintiff's motion for summary judgment on all four causes of action raised in iStream's counterclaim.

On October 13, 2015, the defendants filed a motion for reconsideration. Dkt. No. 129. The parties had fully briefed the motion as of November 3, 2015. This order addresses that motion.

**II.    DEFENDANTS' MOTION FOR RECONSIDERATION**

On October 13, 2015, the defendants filed a motion for reconsideration "pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and its inherent power to reconsider non-final orders." Dkt. No. 129. The defendants make four arguments: (1) that the court did not apply the proper standard to the plaintiff's claim under 12 U.S.C. §1831j; (2) that the court failed to consider Kenney Bank & Trust's (KBT's) defense to the 12 U.S.C. §1831j claim; (3) that the court relied on allegations in the amended complaint instead of facts in the summary judgment record; and (4) that the court failed to consider the plaintiff's burden of proof on each element of the conspiracy to injure business and the tortious interference claims. Dkt. No. 130.

A.    <u>Legal Standard for a Motion for Reconsideration</u>

Under Rule 54(b), the court may revise "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties." This may occur "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

2

"A motion for reconsideration serves a very limited purpose in federal civil litigation." Williams v. Miscichoski, No. 06-C-1124, 2008 WL 2810482, at *1 (E.D. Wis. July 21, 2008) (citations omitted). Courts grant the motion only "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). "[A]ny nonfinal decision or order is subject to revision at any time before the entry of judgment," but "such revisions are discouraged." Miscichoski, 2008 WL 2810482, at *1 (citing Fed. R. Civ. P. 54(b)). "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Cold Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). Prevailing on a motion for reconsideration is "an uphill battle." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

    B.    <u>As to Count I of the Plaintiff's Amended Complaint, The Defendants Have Not Demonstrated Extraordinary Circumstances, Clear Error, or Manifest Injustice.</u>

        i.    *Applying the Seventh Circuit standard for a claim under 12 USC § 1831j does not change the fact that a genuine issue of material fact exists as to the claim raised in Count I of the plaintiff's complaint.*

In Count I of the amended complaint, the plaintiff alleges that defendant KBT violated the Federal Deposit Insurance Act. Dkt. No. 35 at 18. In its

3

decision and order denying the defendants' motion for summary judgment on this count, the court recited the relevant statutes, Dkt. No. 128 at 18-19, and stated, "'Once a plaintiff makes out a prima facie case of retaliation under §1831j, the defendant must articulate by clear and convincing evidence, a legitimate, non-discriminatory reason for the termination.'" Id. at 19 (quoting Lippert v. Cmty. Bank, Inc., 438 F.3d 1275, 1279 (11th Cir. 2006)).

The defendants argue that the court should have applied a different standard. In 1998, the Seventh Circuit held, "[U]nder . . . section 1831j, once the plaintiff [has shown] that her protected disclosures contributed to the defendant's . . . adverse action against her, the burden shifts to the defendant to prove by clear and convincing evidence that it would have taken the same action against her absent the protected conduct." Frobose v. American Sav. and Loan Ass'n of Danville, 152 F.3d 602, 614 (7th Cir. 1998) (citation omitted). This is a burden of persuasion. Id. (citations omitted).

Even if the court applies the burden articulated in Frobose—placing the burden of proof on the plaintiff to show that his protected disclosures contributed to the defendants' adverse actions against him, and then shifting the burden of persuasion to the defendants to prove by clear and convincing evidence that they would have taken the same action even if the plaintiff hadn't made the disclosures—the fact remains that a genuine issue of material fact exists as to the claim in Count I. As stated in the decision on the defendants' motion for summary judgment, "The parties clearly and genuinely dispute the justification or motive for the plaintiff's termination, which is material to the

4

question of whether KBT violated 12 U.S.C. §1831j." Dkt. No. 128 at 19-20. That is a disputed fact relating to the first prong of the Frobose standard— whether or not the plaintiff's protected disclosures contributed to the defendants' adverse actions against him. At the summary judgment phase, the court does not decide the facts; the court must determine only whether factual issues exist that a jury should consider. Whether KBT would have taken the same action against Zillges despite his protected disclosures is an issue that a jury must decide.

The Eleventh Circuit and Seventh Circuit standards are not so different as to create a clearly erroneous result or a manifest injustice against the defendants. In fact, in Frobose, the Seventh Circuit stated:

> We must assume . . . that [the plaintiff's] disclosures . . . did contribute to the adverse actions [the defendant] subsequently took against her. If the factfinder credits [the plaintiff's] case on this point, then it must assess whether [the defendant] has proven by clear and convincing evidence that it would have taken the same actions . . . even if [the plaintiff] had not blown the whistle . . . ."

Frobose, 152 F.3d at 617. The court has reconsidered the standard for evaluating a claim under §1831j, but it finds that genuine issues of material fact still exist that must go to a jury. The court will deny the defendants' motion as to Count I of the amended complaint.

   ii. *The court did consider KBT's defense to plaintiff's §1831j claim.*

KBT also asserts that the court failed to consider its defense to the plaintiff's §1831j claim. Dkt. No. 130 at 3. It argues that, in the interest of

5

justice, the court should consider that the plaintiff's "allegedly protected disclosure to the FDIC was patently false." Id. This defense highlights the "he-said-she-said" nature of this litigation. While the parties agree that the plaintiff made certain disclosures to the FDIC, they do not agree on the nature of those disclosures or on the role those disclosures played in the plaintiff's termination. These are factual arguments that are material to the parties' cases and that are genuinely in dispute.

While the defendants argue that the court did not consider the nature of the disclosures in its order denying the motion for summary judgment, the court disagrees. See Dkt. No. 128 at 35 ("[T]he defendants allege that those [disclosures] were 'false.'" (citing Dkt. No. 92 at 5)). Not only did the court take the nature of the statements into account when denying the defendants' motion for summary judgment on Count I, but it also considered their nature when denying the plaintiff's motion for summary judgment on Count I. The court emphasized:

> The parties agree that the plaintiff made statements to the FDIC and that the defendants knew about the conversations between Zillges and the FDIC. But the parties strongly disagree about the role those statements played in the plaintiff's termination, and about the nature of the statements. Again, the parties' motions and accompanying pleadings demonstrate the existence of a genuine dispute regarding these material facts.

Dkt. No. 128 at 35. Because the court did consider the nature of the disclosures (what facts were disclosed, whether they were material, whether they were truthful) in its decision and order denying both parties' motions for

6

summary judgment on Count I, the court will deny the defendants' motion for reconsideration as to Count I.

    C. <u>As to Counts III and IV of Plaintiff's Amended Complaint, The Defendants Have Not Demonstrated Extraordinary Circumstances, Clear Error, or Manifest Injustice.</u>

In Count III of the first amended complaint, the plaintiff alleges that defendants iTeam, iStream, Tice, Axberg, Anderson and Atwell conspired to injure the plaintiff's business. Dkt. No. 35 at 20. The court found that a genuine issue of material fact existed regarding "the existence of any conspiratorial intent or motive to injure the plaintiff's business or reputation on the part of the defendants." Dkt. No. 128 at 23. Because a determination of intent requires a credibility finding, the court denied the defendants' motion for summary judgment as to Count III.

In Count IV of the amended complaint, the plaintiff alleges that iTeam, iStream, Tice, Axberg, Gagerman, Anderson, and Atwell tortuously interfered with the plaintiff's prospective business. Dkt. No. 35 at 21. The court found that "[t]he parties disagree, not only on whether the defendants were justified in interfering with the plaintiff's business, but on whether the defendants even interfered with that business at all. This is yet another genuine dispute regarding a material fact." Dkt. No. 128 at 26. The court denied the defendants' motion for summary judgment on Count IV.

7

> i. *The court did not make a manifest error in its consideration of the allegations in plaintiff's amended complaint.*

In their motion for reconsideration, the defendants assert that the court "made a manifest error of law" when it "cited only allegations pled in Zillges's first amended complaint," and "did not cite to Zillges's proposed findings of fact." Dkt. No. 130 at 4-5. The defendants state that Fed. R. Civ. P. 56 (c)(1) "requires" the court to base its decision on and to cite specifically to the "particular parts of materials in the record" enumerated in Rule 56(c)(1)(A). The court disagrees.

Rule 56(c)(1)(A) requires the "*party* asserting that a fact cannot be or is genuinely disputed" to "support the assertion by citing to particular parts of materials in the record, *including* depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or *other materials*." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). First, the rule does not impose requirements on the court—it imposes requirements on the asserting party. Second, the word "including" indicates that the list is non-exhaustive. Third, the rule itself demonstrates that "materials in the record" and "other materials," such as a complaint, may be used by the parties. Rule 56(a) requires the court to "state on the record the reasons for granting or denying the motion," and this court has done so.

The defendants state that the court "*must* 'limit its analysis of the facts . . . to evidence that is properly identified and supported in the parties' . . . statement." Dkt. No. 130 at 5 (emphasis added) (quoting Bordelon v. Chicago

8

Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). The defendants have misstated the quote. In Bordelon, the Seventh Circuit stated that under the then-existing local rules in the Northern District of Illinois, "the district court is *entitled to* limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' statements." 233 F.3d at 529. The Seventh Circuit did not require a district court to limit its analysis in such a way.

The court agrees with the defendants that it "cannot consider . . . the complaint as evidence when looking for a genuine issue for trial." Horton v. Bartels, No. 02-C-0470, 2003 WL 23104410, at *3 (W.D. Wis. July 18, 2003). But, the court did not use the complaint as evidence when deciding that genuine issues of material fact existed under both Counts III and IV of the amended complaint. In its decision, the court spent almost eleven pages recounting the facts of the case. Dkt. No. 128 at 2-12. The court took those facts from the parties' heavily disputed proposed findings of fact. Dkt. No. 128 at n.1 (citing Dkt. Nos. 74, 87, 94, 114, 77, 96, 88, and 120). When discussing the claims raised by the plaintiff in Count III and Count IV of the complaint, the court cited to the allegations of the complaint, Id. at 21-22; 23-25, but the court also referenced the defendants' arguments in their motion for summary judgment. Id. at 22-23; 25-26.

The court's statement of facts, which relied on the parties' proposed findings of fact; the allegations giving rise to the counts disputed in the motions for summary judgment; and the arguments made by the defendants in

9

their motion for summary judgment *each* supported the court's ultimate determination that genuine issues of material fact exist in Count III (conspiracy to injure business) and Count IV (tortious interference with prospective business) of the plaintiff's amended complaint. In relying on these documents and in providing a statement on the record for denying the motion for summary judgment, the court did not make a manifest error of law. The court will deny the defendants' motion for reconsideration on Counts III and IV of the amended complaint.

> ii. *Triable issues of fact exist for Count III and Count IV of plaintiff's amended complaint.*

Next, the defendants assert that the court failed to determine whether the plaintiff had met his burden of proof on all elements of Count III and Count IV of the amended complaint. Dkt. No. 130 at 5. Specifically, the defendants assert that they "presented alternative, independent grounds for summary judgment," but the court "incorrectly addressed only one ground." Dkt. No. 130 at 5-6. They assert that "the grounds not considered . . . are independent and dispositive as to one or more defendants." Id. at 6.

> a. The plaintiff submitted sufficient facts to send the "conspiracy question" to a jury.

To prove a conspiracy to injure business under Wis. Stat. §134.01, the "plaintiff must prove that (1) the defendants acted together; (2) with a common purpose to injure the plaintiff's reputation or business; with malice; and (4) the plaintiff suffered financial harm." Virnich v. Vorwald, 664 F.3d 206, 213. See also Dkt. No. 128 at 21 (providing the elements of the claim for Count III of the

10

plaintiff's amended complaint). According to the defendants, the court failed to consider whether the plaintiff had "met his burden to show a conspiracy." Dkt. No. 130 at 6. They ask the court to decide "whether Zillges submitted sufficient evidence to submit the conspiracy question to a jury." Id. at 6-7.

The plaintiff brought this claim against iTeam, iStream, Tice, Axberg, Anderson, and Atwell. Dkt. No. 35 at 20. The facts, Dkt. No. 128 at 2-12 (citing Dkt. Nos. 74, 87, 94, 114, 77, 96, 88, and 120), show that defendant Tice was a director of iTeam and iStream, that Axberg served as the CFO, Vice President and Treasurer of iTeam and iStream, and that Anderson and Atwell were also directors of iTeam and iStream. iTeam, according to the undisputed facts, holds 85% of iStream's stock. Prior to the plaintiff's termination, Anderson, as a result of the plaintiff's communications with the FDIC, became frustrated with the plaintiff. Tice and Axberg voted to terminate the plaintiff at a meeting of the directors of iTeam. According to the plaintiff, Atwell worked with these defendants to secure the termination. According to the defendants, they had no wrongful motive, did not intend to injure the plaintiff's business, and did not conspire to terminate the plaintiff.

These factual assertions and legal arguments led the court to find "that the parties genuinely dispute the existence of any conspiratorial intent or motive to injure the plaintiff's business or reputation on the part of the defendants. And the determination of what the defendants intended, or whether they had a common purpose, requires a credibility determination." Dkt. No. 128 at 23. The Seventh Circuit requires that a jury make credibility

11

determinations. Id. (quoting Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003)). The court's reconsideration of the disputed facts shows that the conspiracy question must go to the jury. The court will deny the motion for reconsideration as to Count III of the amended complaint.

      b. A genuine issue of material fact exists as to each defendant named in Count IV (tortious interference).

To prove tortious interference with prospective business, the plaintiff must show "(1) a contractual relationship on behalf of the plaintiff; (2) knowledge by the defendant of the existence of the contractual relationship; (3) intentional acts on the part of the defendant to disrupt the relationship; (4) actual disruption of the relationship causing damages; and (5) lack of privilege or justification for defendant's interference." Neuroscience, Inc. v. Forrest, No. 12-CV-813, 2013 WL 6331348 at *2 (W.D. Wis. Dec. 5, 2013); see also Texas Ujoints, LLC v. Dana Holding Corp. Mach. Serv., Inc., No. 13-C-1008, 2013 WL 6230675 at *3 (E.D. Wis. Dec. 2, 2013). See also Dkt. No. 128 at 24 (providing the elements of the claim for Count IV of the plaintiff's amended complaint). The defendants assert that the court failed to address whether the plaintiff could "meet his burden of proving each individual defendant interfered with his employment." Dkt. No. 130 at 7.

The plaintiff brought this claim against iTeam, iStream, Tice, Gagerman, Axberg, Anderson, and Atwell. Dkt. No. 35 at 21. The facts, Dkt. No. 128 at 2-12 (citing Dkt. Nos. 74, 87, 94, 114, 77, 96, 88, and 120), show that defendant Tice was a director of iTeam and iStream, that Axberg served as the CFO, Vice President and Treasurer of iTeam and iStream, and that Anderson and Atwell

12

were also directors of iTeam and iStream. Gagerman served as a director of KBT. iTeam, according to the undisputed facts, holds 85% of iStream's stock. Prior to the plaintiff's termination, Anderson, as a result of the plaintiff's communications with the FDIC, became frustrated with the plaintiff. Tice, Gagerman and Axberg voted to terminate the plaintiff at a joint meeting of the directors of iTeam and KBT. According to the plaintiff, he had a business relationship with KBT that came with a reasonable expectation of economic gain, and these defendants intended to harm his relationship with KBT. The defendants argue that they did not interfere with that relationship, that they did not intend to disrupt the relationship, and that they acted in good faith with no wrongful motive.

In denying the defendants' motion for summary judgment, the court stated, "The parties disagree, not only on whether the defendants were justified in interfering with the plaintiff's business, but on whether the defendants even interfered with the business at all." Dkt. No. 128 at 26. In reconsidering the facts, the court finds that a genuine issue of material fact exists as to each of the named defendants in Count IV of the amended complaint. Further, a determination of whether or not a defendant intentionally interfered with the plaintiff's business relationship with KBT requires a credibility finding for each defendant and that must be left to the jury. The court will deny the defendants' motion for reconsideration as to Count IV.

Finally, the court notes that the defendants repeatedly argue that the court should find that the plaintiff cannot meet his burden of proof on one

13

claim or another. Again, this argument misstates the summary judgment standard. On summary judgment, the court considers only whether there are any genuine disputes as to any material facts (and, if not, whether the movant is entitled to judgment as a matter of law). Once the court has determined that there is a genuine dispute as to a material fact, it is the job of the jury to decide whether the plaintiff has met his burden of proof.

### III. CONCLUSION

The court **DENIES** the defendants' motion for reconsideration (Dkt. No. 129).

Dated in Milwaukee, Wisconsin this 8th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge